UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROY A. JEFFERSON, JR. and <br> JEANIE N. JEFFERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> GEOVERA SPECIALTY INSURANCE <br> COMPANY, <br><br> Defendant. | Civil Action No. 2:23-cv-3737 |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs, ROY A. JEFFERSON, JR. and JEANIE N. JEFFERSON (hereinafter "Plaintiffs"), through undersigned counsel, file this Original Complaint against Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, in support of the causes of action asserted herein, respectfully set forth as follows:

1.

Made Plaintiffs herein are:

A. **ROY A. JEFFERSON, JR.,** is a person of the full age of majority, domiciled and owner of property located in Lafourche Parish, State of Louisiana; and

B. **JEANIE N. JEFFERSON,** is a person of the full age of majority, domiciled and owner of property located in Lafourche Parish, State of Louisiana.

2.

Made Defendant herein is:

**GEOVERA SPECIALTY INSURANCE COMPANY** (hereinafter referred to as "GeoVera"), a corporation incorporated in Delaware, with its principal place of business in Delaware, is a foreign insurance company authorized to do and doing business in the State of Louisiana, and within the jurisdiction of this Honorable Court.

3.

This Court has personal jurisdiction over GeoVera because they conduct business in the State of Louisiana, and this claim arises out of Defendant's conduct, business operations, and failure to fulfill a written contract executed in the State of Louisiana.

4.

This Court has subject matter jurisdiction over this civil matter between citizens of different states. The amount in controversy, exclusive of interests, costs, and attorney's fees exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

5.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of Louisiana because a substantial part of the events or omissions giving rise to this dispute occurred in Lafourche Parish.

6.

GeoVera is justly and truly indebted to Plaintiffs herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in the proceedings, for following, to wit:

7.

Plaintiffs owns residential property located at 3510 Highway 1, Lockport, Louisiana 70394, (hereinafter "the Property").

8.

On August 29, 2021, Plaintiffs had in place a contract with GeoVera to provide a homeowner's insurance policy, policy number GC70051566 (hereinafter "the Policy"), for the

Property.

9.

On August 29, 2021, Hurricane Ida made landfall on southeast Louisiana with over 150 mph winds. The event caused widespread devastation and damage, including damage to the Property.

10.

The extensive damage to the Property caused by the windstorm of Hurricane Ida rendered the Property damaged.

11.

In compliance with the Policy, the Plaintiffs promptly reported the resulting extensive damage to GeoVera, who therefore knew almost immediately that the Property had sustained physical and structural damage.

12.

Despite more than a sufficient proof of loss, GeoVera failed to timely and adequately tender payment under the Policy. GeoVera's failure to timely provide adequate payment for a clearly covered loss is a violation of the Policy. Coverage under the policy remains available and is due to the Plaintiffs herein. GeoVera is in clear violation of La. R.S. 22:1892 and 22:1973.

13.

At all times pertinent hereto, GeoVera provided insurance coverage for the matters, risks, and things involved herein.

14.

Additionally, based upon information and belief, the Policy contained a hurricane and/or windstorm endorsement that created coverage for all the damage sustained at the Property to which

Plaintiffs are entitled, including but not limited to dwelling coverage, contents, loss of use, recoverable depreciation, as well as all repair/replacement costs.

15.

Plaintiffs are entitled to a judgment declaring that the language of the Policy provided coverage for all damage resulting from the subject hurricane.

16.

The actions of GeoVera in failing to adjust Plaintiffs' claims timely, fully, and fairly are arbitrary, capricious, and without probable cause, making GeoVera is liable for damages, penalties and attorney fees provided under La. R.S. 22:1892 and 22:1973.

17.

Defendant, GeoVera is liable unto the Plaintiffs under the following legal theories:

1. Breach of contract;

2. Bad faith claims adjusting;

3. Negligent claims adjusting; and

4. Any and all other legal theories which may be found through discovery and proven at trial in this matter.

18.

As a result of Hurricane Ida and as a result of GeoVera's arbitrary and capricious claims adjusting, Plaintiffs have sustained, or will sustain, the following non-exclusive damages:

1. Property damages;

2. Loss of contents;

3. Loss of use and enjoyment of property;

4. Additional living expenses;

5. Repair and remediation expenses;

6. Loss of investment value of funds used to offset GeoVera's failure to pay, including lost interest;

7. Diminution of value of property;

8. The penalties proscribed by La. R.S. 22:1892 and 22:1973;

9. Attorney's fees and costs of this litigation; and

10. Any and all other damages which will be shown through discovery and proven at trial.

19.

Plaintiffs pray for and are entitled to trial by jury, bond to be set at a later date.

**WHEREFORE**, Plaintiffs, ROY A. JEFFERSON and JEANIE N. JEFFERSON, pray:

(i) That GEOVERA SPECIALTY INSURANCE COMPANY be served with a copy of this Complaint and cited to appear and answer same;

(ii) For a trial by Jury;

(iii) That after due proceedings and a jury trial, there be Judgment in this matter in favor of Plaintiffs and against GeoVera, declaring that GeoVera is liable jointly, severally, and *in solido*, to the Plaintiffs for compensatory damages resulting from GeoVera's activities;

(iv) For general, special and punitive damages to be awarded in favor of Plaintiffs and against GeoVera pursuant to LA. R.S. § 22:1973;

(v) For general, special and punitive damages to be awarded in favor of Plaintiffs and against GeoVera pursuant to LA. R.S. § 22:1892 (B);

(vi) For reasonable attorney's fees and costs to be awarded in favor of Plaintiffs and against GeoVera pursuant to LA. R.S. § 22:1892 (B);

(vii) That the right of the Plaintiffs to establish their entitlement to compensatory damages, and the amounts thereof, be reserved for determination in the individual actions when appropriate;

(viii) That Plaintiffs recover the costs of prosecution of this action and for interest of all damages from the date of judicial demand until paid; and

(ix) For all other general and equitable relief deemed appropriate and meritorious by this Court.

Respectfully submitted,

HOUGHTALING LAW FIRM, LLC

_____
BRIAN J. HOUGHTALING, Bar No. 30258
TWO LAKEWAY
3850 North Causeway Blvd., Suite 1090
Metairie, LA 70002
Telephone:   (504) 901-6767
Facsimile:   (877) 448-5339
brian@houghtalinglaw.com

**PLEASE SERVE**:

**GEOVERA SPECIALTY INSURANCE COMPANY**
*Through its registered agent for service:*
Hon. R. Kyle Ardoin
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809